490 So.2d 348 (1986)
Barbara Claire GROVES
v.
ROSEMOUND IMPROVEMENT ASSOCIATION, INC., Lloyd L. Lindsey, and Ruth Rhodes Lindsey.
No. CA 85 0127.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
Rehearing Denied July 15, 1986.
*349 Eugene R. Groves, Baton Rouge, for plaintiffs-appellants, Barbara C. Groves, J.H. Babers, David Hogan, Gladys Groves, William C. Groves, W.R. Hough, Eugene R. Groves and Remus Hebert.
Rolfe McCollister and Donald Cunningham, Baton Rouge, for defendants-appellees, Rosemound Imp. Assn., Inc., Lloyd L. Lindsey, Ruth Rhodes Lindsey.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
In this shareholders' derivative action, plaintiffs appeal the judgment dismissing their suit for rescission of a sale of corporate assets and recalling the appointment of a temporary receiver.
We reverse, render and remand.
Rosemound Improvement Association, Inc. (Rosemound), incorporated as a non-profit corporation in 1960, was organized for the purpose of promoting the orderly development of Rosemound subdivision and recreational area in West Feliciana Parish. Membership was open generally to land and home owners, based upon the purchase of stock and payment of dues and assessments fixed by the board of directors. From the beginning of its existence, corporate formalities were almost completely disregarded, and the two stockholders owning the most shares, Lloyd Lindsey and W.E. Groves, essentially conducted the business of the corporation as their own. Around 1977, Groves and Lindsey had a falling-out, leading to not insubstantial litigation involving the corporation. The present suit arose from the following sequence of events.
In 1977, Lindsey began serving as president of the corporation, after Groves' withdrawal from active participation in the management of the corporation. In reality, Lindsey continued to operate as the alter ego of the corporation. On June 28, 1978, acting on behalf of the corporation, Lindsey executed an Act of Exchange which transferred ownership of certain immovable property from the corporation to himself and his wife, who was also at that time an officer, director and shareholder of the corporation. This immovable property, four tracts of land in West Feliciana Parish, comprised the entire assets of the corporation. In consideration for the exchange, the Lindseys transferred to the corporation the waterlines and servitudes they owned which had previously been used to furnish water service to all of the Rosemound area lot owners. Attached to the Act of Exchange was a resolution of the Rosemound Board of Directors[1] authorizing *350 Lindsey, as President, to execute the Act of Exchange for the stated consideration. This resolution was purportedly adopted at a special meeting of the Board held June 20, 1978, called without notice to the shareholders. On November 30, 1978, acting on behalf of the corporation, Lindsey executed an Act of Donation which transferred the waterlines and servitudes received in the Act of Exchange to West Feliciana Parish Water District No. 13, which therein assumed the responsibility of supplying the Rosemound area residents with water service. This donation was not authorized by a board resolution.
The initial shareholders' derivative action was filed as a class action almost two years later. The class action was subsequently disallowed, however, and the suit proceeded with individual shareholders as parties plaintiff. Plaintiffs sought rescission of the exchange and a return of the corporate assets; alternatively, they requested a pro rata portion of the value of the tracts of land transferred. In the course of discovery, the Lindseys admitted that the exchanged property's value was unknown to them at the time of the exchange and that they did not appraise the property prior to the exchange. They also admitted that the special board meeting on June 20, 1978, was held without prior notice. In 1982, plaintiffs filed a petition seeking appointment of a receiver and requested involuntary dissolution of the corporation. The trial court appointed a temporary receiver and proceeded to trial on the merits. Subsequently, the trial court concluded that equity should prevail, having found no improper motive on the part of the Lindseys, and rendered judgment ordering the temporary receiver to call a shareholders' meeting and obtain a vote on whether or not to ratify the Lindseys' actions.
On plaintiffs' application for supervisory writs, the Louisiana Supreme Court ordered the trial court to decide the issue on the merits irrespective of the result of the shareholders' vote.[2] Thereafter, the shareholders' meeting was held, and a majority vote ratified the transactions in question. Upon receiving the report of the vote, the trial court rendered judgment in defendants' favor, dismissing plaintiffs' suit and recalling the temporary receiver's appointment. It is from this judgment that plaintiffs appeal.
Initially, plaintiffs contend that the trial court erred in that it failed to comply with the Louisiana Supreme Court's order to decide the case on the merits irrespective of the results of the court-ordered ratification vote.
The record shows that the trial court entered judgment in defendants' favor after receiving the temporary receiver's written report of the shareholders' vote ratifying the transactions complained of. While no oral or written reasons accompanied the judgment, plaintiffs have presented no evidence to prove that the trial judge disregarded the order of the Louisiana Supreme Court to decide the case on the merits.
However, we do agree with plaintiffs' contention that the trial court committed manifest error in dismissing their suit on the merits.
Louisiana law imposes upon corporate officers and directors a fiduciary[3] duty to the corporation and its shareholders. LSA-R.S. 12:226; Noe v. Roussel, 310 So.2d 806 (La.1975). When a corporate officer or director contracts with the corporation, the transaction is subject to close judicial scrutiny to ensure that no violation of fiduciary duty is involved. LSA-R.S. 12:228 provides that such a contract or transaction is not void or voidable if: (1) the material facts as to the director's or officer's interest and as to the contract or transaction were disclosed or known to the board of directors, and the board in good *351 faith authorized the contract or transaction by a vote sufficient for such purposes without counting the vote of the interested director or directors; or (2) the material facts as to the director's or officer's interest and as to the contract or transaction were disclosed or known to the members entitled to vote thereon, and the contract or transaction was approved in good faith by vote of the members; or (3) the contract or transaction was fair to the corporation as of the time it was authorized, approved or ratified by the board of directors, committee or members.
The record is clear that neither of the first two alternatives listed above were complied with. As to the third, the trial court apparently determined that the transaction was fair to the corporation as of the time it was ratified by the shareholders. This conclusion we find manifestly erroneous. The value of the waterlines and servitudes transferred by the Lindseys to the corporation was obviously far less than the value of the property transferred in exchange. In exchange for the land, a portion of which was subsequently sold by the Lindseys for a sum in excess of $100,000, the corporation ultimately received the right permitting its shareholders to tie onto the parish water system at a savings individually of a few hundred dollars, at most. We find that the Lindseys did not carry their burden of proving that this transaction was conducted at arms' length and was fair to the corporation at the time it was ratified. LSA-R.S. 12:228.
Furthermore, this exchange, which effectively depleted the corporation of its entire assets, was accomplished without the slightest attempt on the part of the Lindseys to inform the shareholders and obtain their approval. Defendants' reliance on LSA-R.S. 12:247 is misplaced. That statute provides for the voluntary transfer of all or substantially all of the assets of a corporation, but prescribes certain procedures for the authorization of a transfer, which procedures were not complied with in this case.
Since we have concluded that the trial court did not rely upon the court-ordered shareholders' ratification vote but instead rendered independent judgment on the merits in accordance with the directive of the Louisiana Supreme Court, we need not address the arguments in brief on the issue of whether or not the ratification vote was the proper procedure to follow in this instance.
We find that the trial court erred in recalling its appointment of a temporary receiver and denying plaintiffs' request for involuntary dissolution of the corporation. The trial court correctly acknowledged that the corporate existence was completely ignored and that the corporation was effectively run by Mr. Lindsey as a sole proprietorship. This fact, along with our conclusion that the Lindseys breached their fiduciary duties to the corporation by arranging the transaction in question, are sufficient reasons for involuntary dissolution under the provisions of LSA-R.S. 12:251. See Gooding v. Millet, 430 So.2d 742 (La. App. 5th Cir.1983).
For the foregoing reasons, the judgment of the trial court is reversed and judgment rendered herein against defendants Lloyd and Ruth Lindsey for the value of the property received by the Lindseys in the 1978 Act of Exchange. The case is remanded to the trial court for a hearing to determine the value of the property conveyed as of June 20, 1978. Judgment is further rendered herein in plaintiffs' favor according each plaintiff their pro rata portion of that value, according to their percentage of stock ownership. The trial court is further ordered on remand to appoint a receiver and continue involuntary dissolution proceedings under the supervision of the court. Costs of this appeal to be born by defendants.
REVERSED, RENDERED AND REMANDED.
NOTES
[1] Answers to interrogatories by defendants state that the board consisted of Lloyd L. Lindsey, Ruth Rhodes Lindsey (wife of Lloyd L. Lindsey) and Rolfe H. McCollister.
[2] Groves v. Rosemound Improvement Association, Inc., et al, 452 So.2d 169 (La.1984).
[3] Defined in LSA-R.S. 12:201 (11) as "... any person, firm, partnership, association or corporation, including a usufructuary, who or which occupies a position of peculiar confidence toward any person, firm, association, partnership, trust or estate."